IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02197-BNB

CHRISTINA JIRON, by and through her next friend MICHAEL JIRON,

    Applicant,

v.

RIO GRANDE COUNTY,
BRABRA ZOLLORS,
LARRY WINEGRANER, Case Manager II, Colo. Dept. of Corrections, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Christina Jiron, through her next friend and father, Michael Jiron, initiated this action by filing a document (ECF No. 1) in which she challenged the validity of her state court conviction and sentence. On August 8, 2014, Magistrate Judge Boyd N. Boland entered an order directing Ms. Jiron to cure certain deficiencies if she wished to pursue her claims. In particular, Magistrate Judge Boland ordered Ms. Jiron to file on the proper form an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and either to pay the $5.00 filing fee or to file on the proper form a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 along with a certificate that shows the balance in her inmate trust fund account. Magistrate Judge Boland also ordered Mr. Jiron to show cause why he should be allowed to prosecute this action as Ms. Jiron's next friend. Magistrate Judge Boland warned that the action would be dismissed without further notice if Ms. Jiron failed to cure the deficiencies or if Mr. Jiron

failed to show cause within thirty days.

On August 11, 2014, Mr. Jiron filed a Motion to Vacate Illegal Sentence (ECF No. 4) that does not cure any of the deficiencies or address his standing to prosecute this action as Ms. Jiron's next friend.  On August 12, 2014, Mr. Jiron filed a letter (ECF No. 5) stating he will cure the deficiencies.  On August 18, 2014, Mr. Jiron filed two documents: (1) a document (ECF No. 6) stating that Ms. Jiron is unable to file on her own and (2) a Motion to the Court (ECF No. 7) that does not cure any of the deficiencies or address his standing to prosecute this action as Ms. Jiron's next friend.  On August 22, 2014, Mr. Jiron filed a letter (ECF No. 9) that does not cure any of the deficiencies or address his standing to prosecute this action as Ms. Jiron's next friend.  On August 28, 2014, Mr. Jiron filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 11) on behalf of Ms. Jiron, a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 11), and a document (ECF No. 12) that does not address his standing to prosecute this action as Ms. Jiron's next friend.  On September 8, 2014, Mr. Jiron filed an incomplete and unsigned Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 (ECF No. 13) along with a letter (ECF No. 14) and a Motion for Relief (ECF No. 15) that do not cure any of the deficiencies or address his standing to prosecute this action as Ms. Jiron's next friend.

Ms. Jiron has failed within the time allowed to cure all of the deficiencies because she has failed to provide a certificate showing the balance in her inmate account.  For the reasons discussed below, Mr. Jiron also has failed within the time allowed to show good cause for why he should be allowed to prosecute this action as Ms. Jiron's next

friend.

Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas may be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." However, standing under § 2242 is not granted automatically to everyone seeking to proceed on another's behalf. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). The Supreme Court has identified two requirements that must be met to have standing to litigate a habeas corpus action on behalf of another person under § 2242. *See id.* These requirements are:

> First, a "next friend" must provide an adequate explanation - such as inaccessibility, mental incompetence, or other disability - why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate.

*Id.* (citations omitted). In addition to these two prerequisites, it has been suggested that a "next friend" must have some significant relationship with the real party in interest. *Id.* at 163-64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Mr. Jiron fails to present any explanation for why Ms. Jiron is unable to appear in this action on her own behalf. Furthermore, even if Mr. Jiron could demonstrate that Ms. Jiron is unable to appear on her own behalf to prosecute this action, Mr. Jiron may not act as Ms. Jiron's next friend because he is not represented by counsel. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) (holding that a minor child cannot bring suit through a parent acting as next friend unless the parent is represented by counsel).

The action will be dismissed without prejudice both for failure to cure the

deficiencies and because Mr. Jiron has failed to show good cause for why he should be allowed to prosecute this action as Ms. Jiron's next friend. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Christina Jiron failed to cure the deficiencies as directed and because Michael Jiron lacks standing to prosecute this action as Christina Jiron's next friend. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  17th  day of    September   , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court